C-13-11a
(Rev. 11/09)

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION**

```
In Re:                                      )
Keith Lamont Perry         SS# xxx-xx-0032  )
2814 NC 39 Highway N                        )
Henderson, NC 27537                         )
                                            )  Case No. B-16-80584 C13D
                                            )
            Debtor(s)                       )
```

**NOTICE OF PROPOSED PLAN AND ORDER CONFIRMING PLAN
AND TIME FOR FILING OBJECTION THERETO**

   1.   A summary of the plan proposed by the Debtor(s) is set forth in the attached copy of a proposed Order Confirming Plan in this case.

   2.   The plan will be confirmed after the time period for filing objections has expired unless a timely objection is filed.  <u>There will be no hearing on confirmation unless a timely objection is filed</u>.

   3.   Written, detailed objections must be <u>filed</u> within 28 days of the date of this notice with the Clerk of Court, U.S. Bankruptcy Court, Post Office Box 26100, Greensboro, NC, 27420-6100.  With copies served on (1) Richard M. Hutson II, Post Office Box 3613, Durham, NC; (2) the attorney for the Debtor(s); and (3) the Debtor(s).  If the objecting party is a corporation, the objection must be filed by legal counsel admitted to practice in this District.

   4.   In the event a timely objection is filed, a hearing on the objection to confirmation and on confirmation of the proposed plan will be held on <u>October 24, 2016</u>, at 9:30 a.m. in Courtroom, Venable Center, Dibrell Building, 280, 302 East Pettigrew Street, Durham, NC.  The party objecting must appear at this hearing.

   5.   If an objection is filed, the party objecting, the Debtor(s) and the attorney for the Debtor(s) are required to appear at the hearing on confirmation.

   6.   There will be no further mailing of the Order Confirming Plan to affected parties unless there is a change in the attached proposed Order Confirming Plan.

   DATE: <u>September 14, 2016</u>                    Office of the Clerk
                                                      Reid Wilcox, Clerk

- 1 -

C-13-7a
(Rev. 01/12)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | |
|---|---|
| In Re:<br>Keith Lamont Perry        SS# xxx-xx-0032<br>2814 NC 39 Highway N<br>Henderson, NC 27537<br><br>          Debtor(s) | **ORDER CONFIRMING PLAN**<br>**CHAPTER 13**<br><br>Case No. B-16-80584 C13D |

This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and IT APPEARING to the Court as follows:

I. The Trustee in this case is <u>Richard M. Hutson II</u>, Standing Trustee, <u>Post Office Box 3613, Durham, North Carolina 27702</u>;

II. The attorney for the Debtor(s) is **<u>John T. Orcutt</u>**;

III. Under the final plan (the "Plan") as proposed:

    **A. Plan Payments**

        1. The Debtor(s) is/are to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

        2. The monthly plan payment to the Trustee is **<u>$755.00</u>** beginning **<u>8/5/2016</u>**; Payments into the Plan shall be set at **<u>$1,070.00</u>** per month beginning **<u>09/2016</u>**.

    **B. Administrative Costs**

        **1. Attorney Fees.** The Attorney for the Debtor(s) is allowed the base fee of **$4,500.00**. The Attorney has received **<u>$0.00</u>** from the Debtor(s) pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

        **2. Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

    **C. Priority Claims**

    Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

        **1. Domestic Support Obligations ("DSO")**
        **2.** The Debtor has a domestic support obligation for child support which is current in the amount of $877.98 per month. This obligation shall continue to be paid directly by the Debtor through a wage deduction.
        **3. Vance County Child Support – arrears - $438.65 and $752.69**
        **4. Internal Revenue Service**
        **5. North Carolina Department of Revenue**
        **6. Vance County Tax Collector**

ltp

**D.	Secured Claims**

**1.	Secured Claims To Be Paid In Full - Real Property**

| Creditor & Property | Claim Filed (Y/N) | Amount of claim | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| **Select Portfolio**<br>2814 NC 39 Highway N<br>Henderson, NC | N | Unknown | $896.07 | 13.15% |
| **Vance County<br>Tax Collector**<br>2814 NC 39 Highway N<br>Henderson, NC | N | Unknown | To be determined | 9% |
| **Kimberly Scott<br>(judgment lien)** | N | Unknown | $109.97 | 5.50% |

**E.**	**General Unsecured Claims Not Separately Classified.**

General unsecured claims not separately classified will be paid as funds become available after payment of costs of administration. The estimated dividend to general unsecured claims is **0%**.

**F.**	The Debtor will pay **THE GREATER OF** (i) the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, OR (ii) a minimum of **36** monthly plan payments, OR (iii) the amount necessary to pay all allowed secured claims as scheduled for payment through disbursements by the Trustee plus **$20,899.00** to unsecured creditors, including priority creditors and general unsecured claims, due to the liquidation value of the estate, with the plan to be reviewed in 6 months and periodically thereafter for plan payment adjustments;

**G.**	The terms and provisions of the Standing Order dated **March 11, 2016**, are incorporated in this Order and are available on the Court's website at **www.ncmb.uscourts.gov.**

**H.**	**IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore, it is

**ORDERED** that the Plan is confirmed.

END OF DOCUMENT